THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRYAN J. PARENT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ISLAND COUNTY SUPERIOR COURT,<br><br>　　　　　Defendant. | CASE NO. C21-0278-JCC<br><br>MINUTE ORDER |

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

This matter comes before the Court *sua sponte*. On March 4, 2021, Magistrate Judge Michelle L. Peterson granted Plaintiff's motion to proceed *in forma pauperis* (IFP) and recommended the Court review Plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B) prior to the issuance of a summons. (Dkt. No. 4.)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss an IFP complaint if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. To state a claim for relief, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Dismissal can [also] be based on the lack of a cognizable legal theory." *Balisteri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988). Because Mr. Parent is proceeding *pro se*, the Court construes his complaint liberally. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

Mr. Parent brings this suit under 42 U.S.C. § 1983 against the Island County Superior Court, Island County Deputy Prosecutor Ian Michels Slettvet, Island County Superior Court Clerk Debra Van Pelt, and Island County Superior Court Judge Alan R. Hancock. (Dkt. No. 5 at 1–2.) Although Mr. Parent's allegations are difficult to decipher and lack factual detail, he claims that his Sixth Amendment right to a fair trial was violated in August 2018. (*Id.* at 6–7 (alleging that "the court violated process in procedure . . . with a non valid waiver of rights to pro se litigant" and that "I will show . . . court procedure violation that the sup[erior court] made during Mr. Parent's trial").) As relief, he seeks full exoneration of his criminal history as well as monetary damages for false imprisonment, including ten million dollars in punitive damages. (*Id.* at 7.)

Mr. Parent's complaint does not contain grounds showing that he is entitled to relief. First, his complaint offers no factual detail from which the Court might reasonably infer a plausible claim for relief based on a violation of his constitutional rights. He alleges only that "I will show this Court . . . [the] court procedure violation that the sup[erior court] made during Mr. Parent's trial," (Dkt. No. 7 at 7, but Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," *Iqbal*, 662 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

Second, the claims in his complaint are likely barred by *Heck v. Humprey*, 512 U.S. 477, 486–87 (1994). Under *Heck*, if a judgment in favor of a plaintiff on a civil rights action necessarily will imply the invalidity of his conviction or sentence, the complaint must be

dismissed unless the plaintiff can show that the conviction or sentence already has been invalidated. 512 U.S. at 486–87. "[A] court may properly dismiss a *Heck*-barred claim under Rule 12(b)(6) if there exists an obvious bar to securing relief on the face of the complaint." *Washington v. Los Angeles Cty. Sheriff's Dept.*, 833 F.3d 1048, 1056 (9th Cir. 2016) (finding *Heck* deficiency plain from the face of the complaint where plaintiff sought a "recall" of his allegedly unlawful sentence). Here, it appears Mr. Parent is alleging that his constitutional rights were violated by Defendants' conduct in relation to a criminal trial, and he seeks "exoneration." It therefore appears that his conviction is still extant and success on his claims would imply the invalidity of the conviction resulting from his criminal trial.

Even if Plaintiff's claims are not barred by *Heck*, Mr. Parent seeks monetary relief from defendants who are entitled to immunity. First, Judge Hancock is entitled to judicial immunity. Judges are absolutely immune from liability for acts "done by them in the exercise of their judicial functions." *Miller v. Davis*, 521 F.3d 1142, 1145 (9th Cir. 2008) (quoting *Bradley v. Fisher*, 80 U.S. 335, 347 (1871)). As the Ninth Circuit has reiterated, a judge remains immune from suit even if the action he took was in error, done maliciously, or in excess of his authority. *Sadoski v. Mosley*, 435 F.3d 1076, 1079 (9th Cir. 2006). The exception is that judicial immunity does not extend to acts taken in the "clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978). Mr. Parent's allegations relate to alleged procedural violations that occurred in court, and he does not allege any facts giving rise to the inference that Judge Hancock took action in the clear absence of all jurisdiction. Therefore, as pled, Mr. Plaintiff's claims against Judge Hancock are not cognizable. Similarly, Debra Van Pelt as the Clerk of the Island County Superior Court is absolutely immune from suit under the doctrine of quasi-judicial immunity. *Mullis v. U.S. Bankr. Ct. for Dist. of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987) ("Court clerks have absolute quasi-judicial immunity for damages for civil rights violations when they perform tasks that are an integral part of the judicial process.").

Further, Defendant Ian Michels Slettvet is entitled to prosecutorial immunity. "Immunity

extends to protect a prosecutor who acts within his or her authority and in a quasi-judicial capacity." *Ashelman v. Pope*, 793 F.2d 1072, 1076 (9th Cir. 1986) (citing *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976)). Where a prosecutor acts as an advocate "in initiating a prosecution and in presenting the state's case," absolute immunity applies. *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 678 (9th Cir.1984) (quoting *Imbler*, 424 U.S. at 430–31). Mr. Parent's allegations relate to alleged procedural violations during a criminal trial, and therefore immunity applies.

Lastly, Mr. Parent's claims against Island County Superior Court are barred by the Eleventh Amendment. "Federal courts are without jurisdiction to entertain suits seeking civil damages against a state." *Prod. & Leasing, Ltd. v. Hotel Conquistador, Inc.*, 709 F.2d 21, 21 (9th Cir. 1983) (per curiam). The Ninth Circuit has explained that state county courts are "arms of the state for Eleventh Amendment purposes." *See Simmons v. Sacramento Cty. Super. Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003); *Penry v. Thurston Cty.*, 89 F. App'x 619, 620 (9th Cir. 2004) ("The Thurston County Superior Court is entitled to Eleventh Amendment immunity as an arm of the state."). Because the Island County Superior Court is an arm of the state, Mr. Parent's claims against it are not cognizable.

Although the Court finds that Mr. Parent's complaint fails to state a claim upon which relief can be granted and seeks monetary relief from defendants who are immune from such relief, it will not dismiss a complaint unless "it is absolutely clear that no amendment can cure the [complaint's] defects." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (citation omitted). The Court will provide Mr. Parent with time to file an amended complaint curing the deficiencies identified above. The Court ORDERS Mr. Parent to file an amended complaint within twenty-one (21) days of the date of this order, if he chooses to do so. In his amended complaint, he must include a short and plain statement of the facts supporting each claim against each named Defendant, a basis for the Court's jurisdiction, the relief Plaintiff seeks, and a cognizable theory for that relief. The Clerk is DIRECTED to mail a copy of this order to

1  Plaintiff.

2     DATED this 17th day of March 2021.

<u>William M. McCool</u>
Clerk of Court

s/Paula McNabb
Deputy Clerk
