THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRYAN J. PARENT,<br><br>    Plaintiff,<br>  v.<br><br>ISLAND COUNTY SUPERIOR COURT,<br><br>    Defendant. | CASE NO. C21-0278-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's amended complaint (Dkt. No. 7). Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court previously reviewed Plaintiff's initial complaint to determine whether to order service and summons on Defendants. (Dkt. No. 6.) The Court concluded that Plaintiff's complaint failed to state a claim. (*Id.* at 4.) Accordingly, the Court directed Plaintiff to file an amended complaint to address these deficiencies. (*Id.*) The Court now reviews Plaintiff's amended complaint under § 1915(e)(2)(B). Because Plaintiff's amended complaint does not cure the deficiencies previously identified by the Court, the Court DISMISSES the amended complaint.

I.  DISCUSSION

   A.  Legal Standard

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss an *in forma pauperis* complaint that fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief

from a defendant who is immune from such relief. To state a claim for relief, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Dismissal can [also] be based on the lack of a cognizable legal theory." *Balisteri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988). Because Mr. Parent is proceeding *pro se*, the Court construes his complaint liberally. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

### B. Plaintiff's Amended Complaint

In his amended complaint, Mr. Parent brings a 42 U.S.C. § 1983 claim against the Island County Superior Court, Island County Deputy Prosecutor Ian Michels Slettvet, Island County Superior Court Clerk Debra Van Pelt, and Island County Superior Court Judge Alan Hancock for alleged violations of his Sixth Amendment rights. (Dkt. No. 7 at 1–2.) He alleges that during his state criminal trial, Ms. Van Pelt "was put on the stand by the State" and the prosecutor, Mr. Michels Slettvet, "had her testify to a bail bond that was not issued." (*Id.* at 6.) He further alleges that "the State did not have enough evidence to send to the crime lab for the drug test" and that "[Judge] Hancock and [Mr. Michels Slettvet] cannot knowingly allow a case that's been perjured to proceed." (*Id.*) As relief, he seeks full exoneration of his criminal history, monetary damages of "$1,500 per day for 5 years including the time [he] did for the Kandice Alessandra burg case," and "$13 million dollars punitive damages." (*Id.* at 7.)

Mr. Parent's amended complaint does not show that he is entitled to relief. First, his complaint provides insufficient factual detail from which the Court could infer a plausible claim for relief based on a violation of his constitutional rights. *See Iqbal*, 662 U.S. at 678 (explaining that Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-

unlawfully-harmed-me accusation") (citing *Twombly*, 550 U.S. at 555).

Second, Mr. Parent's claims are barred by *Heck v. Humprey*, 512 U.S. 477, 486–87 (1994). Under *Heck*, if a judgment in favor of a plaintiff on a civil rights action necessarily will imply the invalidity of his conviction or sentence, the complaint must be dismissed unless the plaintiff can show that the conviction or sentence already has been invalidated. 512 U.S. at 486–87. "[A] court may properly dismiss a *Heck*-barred claim under Rule 12(b)(6) if there exists an obvious bar to securing relief on the face of the complaint." *Washington v. Los Angeles Cnty. Sheriff's Dep't.*, 833 F.3d 1048, 1056 (9th Cir. 2016) (finding *Heck* deficiency plain from the face of the complaint where plaintiff sought a "recall" of his allegedly unlawful sentence). Here, Mr. Parent alleges that his constitutional rights were violated by Defendants' conduct at his criminal trial and seeks "exoneration." Success on his claims would therefore imply the invalidity of his conviction. Since Mr. Parent's amended complaint does not allege that his conviction has already been invalidated on direct appeal or through a collateral attack, *Heck* bars his suit.

Even if Mr. Parent's claims were not barred by *Heck*, he seeks monetary relief from defendants who are entitled to immunity. Mr. Parent alleges that Judge Hancock and Deputy Prosecutor Ian Michels Slettvet knowingly allowed Superior Court Clerk Debra Van Pelt to falsely testify at his trial. First, Ms. Van Pelt is immune from liability for her testimony at trial. *See Briscoe v. LaHue*, 460 U.S. 325, 345–46 (1983) (holding that Congress, in enacting § 1983, did not abrogate common-law absolute immunity afforded to witnesses for alleged false testimony in judicial proceedings); *Paine v. City of Lompoc*, 265 F.3d 975, 981 (9th Cir. 2001) ("Witnesses . . . are immune from liability for their testimony . . . even if they committed perjury.").

Judge Hancock is also entitled to judicial immunity for allegedly improperly admitting Ms. Van Pelt's testimony because judges are absolutely immune from liability for acts "done by them in the exercise of their judicial functions," *Miller v. Davis*, 521 F.3d 1142, 1145 (9th Cir.

2008) (quoting *Bradley v. Fisher*, 80 U.S. 335, 347 (1871)), even if the action was erroneous, malicious, or in excess of authority, *Sadoski v. Mosley*, 435 F.3d 1076, 1079 (9th Cir. 2006). While judicial immunity does not extend to acts taken in the clear absence of all jurisdiction, Mr. Parent does not allege any facts giving rise to the inference that Judge Hancock lacked jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978). Similarly, Deputy Prosecutor Michels Slettvet is entitled to prosecutorial immunity, which shields a prosecutor from suits "alleging that he maliciously initiated a prosecution, used perjured testimony at trial, or suppressed material evidence at trial," among other things. *Genzler v. Longanbach*, 410 F.3d 630, 637 (9th Cir. 2005).

Lastly, to the extent that Mr. Parent names the Island County Superior Court as a defendant, the Court is immune from suit under the Eleventh Amendment. *See Cerrato v. San Francisco Cmty. Coll. Dist.*, 26 F.3d 968, 972 (9th Cir. 1994) (explaining that the Eleventh Amendment bars § 1983 suits against the states); *Simmons v. Sacramento Cnty. Super. Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003) (holding that state county courts are arms of the state); *Penry v. Thurston Cnty.*, 89 F. App'x 619, 620 (9th Cir. 2004) ("The Thurston County Superior Court is entitled to Eleventh Amendment immunity as an arm of the state.").

Accordingly, the Court concludes that it must *sua sponte* dismiss Mr. Parent's amended complaint because it seeks monetary damages against immune defendants and fails to state a claim upon which relief can be granted. Because the defects cannot be cured by amendment, dismissal with prejudice is appropriate. *See Cato v. United States*, 70 F.3d 1103, 1106–07 (9th Cir. 1995).

## II.   CONCLUSION

For the foregoing reasons, the Court DISMISSES Plaintiff's amended complaint (Dkt. No. 7) with prejudice under 28 U.S.C. § 1915(e)(2)(B). The Clerk is DIRECTED to mail a copy of this order to Plaintiff.

//

DATED this 5th day of April 2021.

[signature]

John C. Coughenour
UNITED STATES DISTRICT JUDGE